IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE E. SIGALA, | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. 13-CV-0485-CVE-TLW ) |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

On August 1, 2013, Petitioner Jose E. Sigala, appearing pro se, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1). He also paid the $5.00 filing fee. See Dkt. # 2.

When he filed his petition, Petitioner was detained by United States Immigration and Customs Enforcement (ICE) at the David L. Moss Criminal Justice Center (DLMCJC), Tulsa, Oklahoma. See Dkt. # 1. He states that he is appearing pro se in his immigration case and that the law library at DLMCJC is inadequate to serve his needs. Id. In his request for relief, he asks the Court to "please stop my appeal process, grant me return to Haskell's Detention Center where law library order is fair, with restoration of all lost time due to this matter or if your power allows it, please abolish my immigration case completely. It is important to me for this matter to be handled before appeal brief due date expires." Id.

By Minute Order filed October 1, 2013, before Respondent filed a response to the petition, this case was stayed due to the lapse in appropriations impacting the Department of Justice and the United States Attorney's Office. See Dkt. # 7. On that same date, Petitioner filed a notice to the Court (Dkt. # 8) advising that his immigration appeal had concluded and that he was facing imminent deportation. Thereafter, on October 11, 2013, Petitioner's copy of the minute order

entering a stay was returned, marked "Not in Custody." See Dkt. # 9. On October 15, 2013, Petitioner filed a notice of change of address (Dkt. # 10), apprising the Court of his new mailing address in Mexico, along with a motion to register for CM/ECF (Dkt. # 11). On October 18, 2013, the previously entered stay was lifted. See Dkt. # 12.

On October 22, 2013, Respondent filed a motion to dismiss (Dkt. # 13). The motion is supported by the Affidavit of John Michael Stanko, Deportation Officer, who states that on or about October 1, 2013, Petitioner was removed from the United States to Mexico. See Dkt. # 13, Ex. 1. On November 8, 2013, Petitioner filed a response (Dkt. # 14) to the motion to dismiss.[1]

In the motion to dismiss, Respondent provides a history of events resulting in Petitioner's deportation. See Dkt. # 13 at 2-4. Petitioner was admitted to the United States in 2000 as a legal permanent resident. Id. at 2. In 2008, Petitioner was convicted of Theft of Property in Tarrant County, Texas. Id. at 2-3. In 2011, Petitioner was convicted of Burglary of a Habitation in Tarrant County, Texas. Id. at 3. On or about February 15, 2013, ICE took Petitioner into administrative custody pending removal proceedings. Id. On or about May 15, 2013, the United States Immigration Court found Petitioner to be removable because of his Tarrant County convictions for theft and burglary. Id. In June 2013, Petitioner was transferred to DLMCJC. Id. at 4. On September 20, 2013, the Bureau of Immigration Appeals (BIA) dismissed Petitioner's appeal and ordered him removed from the United States to Mexico. Petitioner was removed to Mexico on or about October 1, 2013. Id.

---

[1] Petitioner sent his response to the Clerk of Court via fax. Although his response was accepted for filing, Petitioner is advised that fax filing is specifically prohibited by the Court's Local Rules. See LCvR5.4(a) (providing that "[p]apers shall not be directly faxed to the Clerk unless authorized by the Court").

2

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

To the extent Petitioner seeks release from DLMCJC, his petition is moot. Because Petitioner has now been released from DLMCJC due to his removal to Mexico, the very relief he requests is no longer available and cannot be redressed by a favorable judicial decision. Once a petitioner has been released from custody, there must be "some concrete and continuing injury other than the now-ended incarceration . . . – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. Here, Petitioner does not allege the existence of any collateral consequences necessary to satisfy the injury-in-fact requirement of Article III. Nothing presented by Petitioner in his responses to the motion to dismiss serves to satisfy the "concrete and continuing injury" requirement.[2] Therefore, the Court finds that there is no case or controversy and that the petition shall be dismissed as moot. See Sule v. Immigration &

---

[2] The fact of Petitioner's removal does not qualify as a continuing injury resulting from his detention. His inability to return to the United States is a continuing injury that stems from his removal order, not his detention. See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (citing So v. Reno, 251 F. Supp. 2d 1112, 1124 (E.D.N.Y. 2003)).

Naturalization Serv., No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) (unpublished)[3] (finding petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention); see also Soliman v. United States, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (per curiam) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country).

To the extent Petitioner requests that this Court review rulings entered in his immigration proceeding or otherwise intervene in his removal proceedings, his claim is not proper because this Court lacks authority to take the steps requested by Petitioner. In 2005, Congress passed the "Real ID Act." The language of the Act specifically provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter**, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added); see also Ferry v. Gonzales, 457 F.3d 1117, 1131 (10th Cir. 2006); Toledo-Hernandez v. Mukasey, 521 F.3d 332, 333-34 (5th Cir. 2008). Since this law was passed, district courts no longer have habeas jurisdiction under § 2241 to review final removal orders. Ferry, 457 F.3d at 1131; Merlan v. Holder, 667 F.3d 538, 539 (5th Cir. 2011). As a result, Petitioner's request for intervention by this Court in his removal proceedings shall be dismissed for lack of jurisdiction.

---

[3]This and other unpublished opinions are cited for persuasive value. See 10th Cir. R. 32.1(A).

Lastly, to the extent Petitioner alleges that inadequate legal services at DLMCJC hindered his ability to proceed with his immigration proceedings, his claim was improperly brought in a habeas corpus petition. Petitioner's claim, liberally construed as a denial of his right of access to the courts, must be brought pursuant to 42 U.S.C. § 1983 and is not cognizable in this federal habeas action. See, e.g., Parker v. Lansing, 21 F. App'x 842, 842 (10th Cir. Oct. 24, 2001) (unpublished) (noting that petitioner's "habeas complaint before the district court did not assert an access to courts claim, and, had he done so, such claim would not have been cognizable in a habeas proceeding"). Any challenge to the adequacy of the legal services provided as DLMCJC shall be dismissed.

In summary, because Petitioner has been removed from the United States, his 28 U.S.C. § 2241 petition for writ of habeas corpus has been rendered moot. In addition, this Court lacks authority to review or intervene in immigration proceedings. Petitioner's claim challenging the adequacy of the legal services provided at DLMCJC is not cognizable in this habeas action. For those reasons, the 28 U.S.C. § 2241 petition for writ of habeas corpus shall be **dismissed**.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed**.
2. Any pending motion is **declared moot**.
3. This is a final order terminating this action.
4. A separate judgment shall be entered in this matter.

**DATED** this 14th day of November, 2013.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE